NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172 and LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS; ZAZZALI, P.C., <br><br> Petitioners, <br><br> v. <br><br> MIKE FITZPATRICK CONTRACTORS, <br><br> Respondent. | No. 24cv516 (EP) (LDW) <br><br> OPINION |

**PADIN, District Judge.**

This matter comes before the Court on Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds and Safety, Education and Training Funds (the "Funds"), and Zazzali, P.C.'s ("Petitioners") Petition to Confirm Arbitration Award, D.E. 1, (the "Petition") and Motion to Confirm Arbitration Award, D.E. 2 (the "Motion") (together, the "Petition and Motion") against Respondent Mike Fitzpatrick Contractors ("MFC"). MFC has not appeared in this action. The Court decides the Petition and Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth herein, the Petition and Motion will be **GRANTED**, and the arbitration award will be **CONFIRMED**.

I.  BACKGROUND

This action arises from a collective bargaining agreement (the "Agreement") between Petitioner Laborers' Local Union Nos. 472 & 172 and MFC. Petition Ex. B (the "Arbitration Award") at 1. The Agreement requires MFC to make certain contributions to the Funds. *See id.* The Agreement also requires that the parties arbitrate any disputes concerning delinquent

payments to the Funds. Petition Exs. A, B. Such a dispute was submitted to arbitration before Arbitrator J.J. Pierson. Petition ¶ 5. On December 28, 2023, the Arbitrator conducted a hearing, but, MFC failed to appear despite the Arbitrator finding that MFC had been "notified and advised of [the hearing]." Arbitration Award at 1.

### A. The Arbitration Award

The Arbitrator found in favor of the Funds and ordered MFC to pay the Funds as follows:

- "$169,237.78 subject to the adjustment by any audit as allowed herein, plus interest, at the rate of 8% per annum, in the amount of $2,256.50 on the unpaid balance for the period such monies remain outstanding after the date such contributions became due and payable under the Collective Bargaining Agreement."

- "[L]iquidated damages equal to 5% of the delinquent contributions multiplied by the number of months or partial months that elapsed between the Due Date and the date the contributions are actually paid in full to the Funds (to a maximum of 20% of the delinquent contributions), which, as of the date of this Award, is $8,461.89."

*Id.* ¶¶ 1-2.

Additionally, the Arbitrator ordered MFC to pay Zazzali, P.C.:

- "$33,847.56, which is 20% of $169,237.78 as shown to be due to the Funds, or shall pay 20% of the adjusted amount shown to be due by the audit ordered herein plus interest at the rate of 10% from the date of this Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of this Award."

*Id.* ¶ 3.

Finally, the Arbitrator ordered MFC to "reimburse the Funds for the Arbitrator's fee of $1,600.00" and to pay the "petitioners' costs incurred in the action." *Id.* ¶¶ 5-6. Thus, the Arbitrator found MFC to be liable in the total amount of "215,403.73 and all costs in this action . . . ." *Id.* ¶ 7.

2

B.    This Action

On January 29, 2024, Petitioners timely filed the Petition and Motion.[1]  Petition; *see* 9 U.S.C. § 9 (establishing a one-year period to file a petition to confirm an arbitration award).  MFC has not appeared and has not responded to Petitioners' filings.  Therefore, the three-month period to which MFC could have moved to vacate, modify, or correct the Arbitration Award has expired.  *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.")

After omitting a proposed order and judgment confirming the arbitration award from the initial filings, Petitioners submitted an Amended Affidavit of Zachary Ramsfelder, D.E. 6-1 (the "Amended Affidavit") and a so-called proposed Amended Order and Judgment Confirming Arbitration Award[2], D.E. 6-2 (the "Proposed Order and Judgment").[3]

## II.    LEGAL STANDARD AND ANALYSIS

"If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration" then the prevailing party may petition the court for confirmation of the award, "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  Once "[n]otice of the application" has been "served upon the adverse party," the "court shall have jurisdiction of such party as though he had

---

[1] The Court construes the petition to be pursuant to the Federal Arbitration Act ("FAA").
[2] Petitioners confusingly title this filing as an "Amended" proposed order and judgment despite this being the first proposed order and judgment submitted.
[3] The Proposed Order and Judgment adheres to the terms of the Arbitration Award except for one error.  The Proposed Order and Judgment proposes that respondent be ordered to pay a total amount of $46,165.95 rather than the total amount of $215,403.73 ordered in the Arbitration Award.  Proposed Order and Judgment ¶ 5; Arbitration Award ¶ 7.  This appears to be an effort by Petitioners to account for contributions MFC has already made under the Arbitration Award.  *See* Amended Affidavit ¶ 3; Proposed Order and Judgment ¶ 2.  However, those contributions are properly considered partial satisfaction of the Arbitration Award and should not change the total amount owed under the Award.  The Order and Judgment accompanying this opinion corrects this error.

appeared generally in the proceeding." *Id.*  Service of a pleading or motion may be effectuated by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C).  "[L]anguage that indicates the award will be final and binding implicitly permits federal court intervention to compel compliance." *Teamsters-Employer Loc. No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F. Supp. 340, 347 (D.N.J. 1997).

District Courts have little authority to disturb arbitration awards.  *See United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995).  Where the parties have agreed that judgment shall be entered pursuant to the decision of the arbitrator, the court must grant the order unless (1) "the award was procured by corruption, fraud, or undue means"; (2) there is "evident partiality or corruption" on the part of the arbitrator; (3) the arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy or any other misbehavior by which the rights of any party have been prejudiced"; or (4) the arbitrator exceeded his powers or failed to reach a "mutual, final, and definite award." 9 U.S.C. § 10.  Therefore, unless the arbitrator's decision was based on a "manifest disregard of the law," district courts shall not disturb the award.  *Loc. 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 533 (3d Cir. 1985).  This is a "strict standard" in which "a reviewing court will decline to sustain an award only in the rarest cast." *Newark Morning Ledger Co. v. Newark Typographical Union*, 797 F.2d 162, 165 (3d Cir. 1986) (citation omitted).

Service is proper here as Petitioners certify that they mailed the Petition and Motion to MFC at 18 Cozy Lake Road, Oak Ridge, NJ 07438, the address listed in the arbitration agreement. D.E. 2-1 ¶ 2; Arbitration Award at 5.

The Court also finds that the Arbitration Award was duly entered, that it reflects the Arbitrator's consideration of the evidence before him, reaches a logical conclusion, and that there is no evidence here that any basis to reject the Arbitration Award exists. *See Loc. 863 Int'l Bhd. of Teamsters*, 773 F.2d at 533. Moreover, MFC has not moved to vacate, modify, or correct the Arbitration Award within the three-month window allotted.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the Petition and Motion, **CONFIRM** the Arbitration Award, and enter judgment in favor of Petitioners. An appropriate Order and Judgment accompanies this Opinion.

Dated: June 12, 2024

Evelyn Padin, U.S.D.J.